**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TiVo Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Cisco Systems, Inc.<br><br>Defendant. | Case No. 2:11-cv-311<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff TiVo Inc. ("TiVo") files this Complaint against Cisco Systems, Inc. ("Cisco"). TiVo alleges as follows:

**PARTIES**

1. TiVo is a Delaware corporation with a principal place of business at 2160 Gold Street, Alviso, California 95002-2160.

2. Upon information and belief, Defendant Cisco Systems, Inc. is a California corporation with a principal place of business at 170 West Tasman Drive, San Jose, California 95134-1706. Cisco develops, manufactures, and supplies equipment, including set-top boxes with digital video recording (DVR) functionality to television service providers including but not limited to Verizon Communications Inc., Time Warner Cable Inc., and subsidiaries or affiliates of these companies.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. section 1, *et seq*., including 35 U.S.C. section 271. This

Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

4. Upon information and belief, this Court has personal jurisdiction over Cisco because Cisco regularly conducts business in the state of Texas and therefore has substantial and continuous contacts within this judicial district; and because Cisco purposefully avails itself of the privileges of conducting business in this judicial district; or because Cisco has committed acts giving rise to TiVo's claims within this judicial district.

5. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. sections 1391(b)-(c) and 1400(b) at least because, on information and belief, Cisco resides or may be found in this district, and because Cisco has committed acts of infringement and has a regular and established place of business in this district.

## FACTUAL BACKGROUND

6. TiVo was founded in 1997 and is a pioneer in the field of digital video recording.

7. TiVo employees, including TiVo co-founder James Barton, patented a number of inventions that relate to digital video recording devices, digital video recording device software, or personal television services.

8. TiVo is the assignee of a number of patents related to digital video recording devices and methods, digital video recording device software, or personal television services. TiVo owns all rights, titles, and interests in and to the following United States patents (collectively, the "TiVo Patents"), including exclusive rights to bring suit with respect to any past, present, and future infringement thereof:

(a) U.S. Patent No. 6,233,389, entitled "Multimedia Time Warping System," which issued May 15, 2001 ('389 Patent) (Exhibit A);

(b) U.S. Patent No. 7,529,465, entitled "System for Time Shifting Multimedia Content Streams," which issued on May 5, 2009 ('465 Patent) (Exhibit B);

(c) U.S. Patent No. 7,493,015, entitled "Automatic Playback Overshoot Correction System," which issued on February 17, 2009 ('015 Patent) (Exhibit C); and

(d) U.S. Patent No. 6,792,195, entitled "Method and Apparatus Implementing Random Access and Time-Based Functions on a Continuous Stream of Formatted Digital Data," which issued on September 14, 2004 ('195 Patent) (Exhibit D).

9. In addition to patenting technologies related to digital video recording devices and methods, digital video recording device software and personal television services, TiVo competes in these markets. TiVo is a leading provider of technology and services for digital video recorders. As of January 31, 2012, there were approximately 2.3 million active TiVo users.

10. On information and belief, Cisco develops, manufactures, and supplies equipment, including set-top boxes with DVR functionality to television service providers including but not limited to Verizon Communications Inc., Time Warner Cable Inc., and subsidiaries and affiliates of these companies.

11. For example, Cisco provides set-top boxes with DVR functionality to Time Warner Cable. Upon information and belief, Time Warner Cable deployed Cisco's set-top boxes, including the Explorer series, such as the Explorer 8300/8300HD DVR.

12. For example, Cisco provides set-top boxes with DVR functionality to Verizon. Upon information and belief, Verizon began deploying Cisco's set-top boxes, including those bearing model number CHS 435HDC, in or around October 2010.

13. Cisco is aware of and has had knowledge of the TiVo Patents. For example, Cisco has had knowledge of at least the ‘389, ‘465, and ‘015 Patents since at least as of June 30, 2010, when TiVo subpoenaed Cisco in *TiVo Inc. v. AT&T Inc., et al.*, Case No. 2:09-cv-259-DF (E.D. Tex.), in which TiVo had asserted the ‘389, ‘465, and ‘015 Patents against AT&T. Further, TiVo subpoenaed Cisco on August 8, 2010 in *TiVo Inc. v. Verizon Commc'ns Inc.*, Case No. 2:09-cv-257-DF (E.D. Tex.), in which TiVo asserted the ‘389, ‘465, and ‘015 Patents against Verizon. TiVo also asserted the ‘389 Patent against EchoStar Communications Corp., et al., in *TiVo Inc. v. Echostar Communications Corp., et al.*, Case No. 2:04-CV-1-DF (E.D. Tex.), a lawsuit which involved a trial in the Eastern District of Texas as well as publicly reported proceedings in the United States Court of Appeals for the Federal Circuit. On information and belief, Cisco had knowledge of the EchoStar lawsuit and TiVo's patent claims of infringement asserted against EchoStar.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,233,389**

14. TiVo incorporates by reference Paragraphs 1–13, inclusive, set forth as if fully set forth herein.

15. TiVo is the owner of the entire right, title and interest in and to the ‘389 Patent.

16. On information and belief, Defendant Cisco has infringed and is currently infringing the ‘389 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the ‘389 Patent, including without limitation Cisco's set-top boxes with DVR functionality bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR),

other DVRs with the same or similar functionality with respect to the ‘389 Patent, and related products, among others.

17. On information and belief, Defendant Cisco, induced and is actively inducing the infringement of the ‘389 Patent, with knowledge of the ‘389 Patent and knowledge that it was inducing the infringement of the ‘389 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon, Time Warner and other customers and end users of Cisco products, to directly infringe the ‘389 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, of the Cisco set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the ‘389 Patent, including without limitation Cisco’s set-top boxes with DVR functionality bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the ‘389 Patent, and related products, among others.

18. On information and belief, Defendant Cisco has contributorily infringed and is currently contributorily infringing the ‘389 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products or components of products which constitute a material part of the ‘389 Patent, including without limitation Cisco’s set-top boxes with DVR functionality bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the ‘389 Patent, and related

products, among others, with knowledge of the ‘389 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the ‘389 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

19. On information and belief, Defendant Cisco has infringed and is currently infringing the ‘389 Patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the ‘389 Patent including without limitation Cisco’s set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the ‘389 Patent, and related products, among others.

20. On information and belief, Defendant Cisco’s infringement of the ‘389 Patent has been and continues to be willful and deliberate. Cisco, with knowledge of the ‘389 Patent, engaged in objectively reckless conduct when it continued selling the infringing products in the face of an objectively high risk that it was infringing TiVo’s valid United States ‘389 Patent.

21. As a consequence of Defendant Cisco’s infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

22. Unless enjoined, Defendant Cisco will continue to infringe the ‘389 Patent, and TiVo will suffer irreparable injury as a direct and proximate result of Cisco’s conduct.

23. TiVo has been damaged by Defendant Cisco's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

**COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,529,465**

24. TiVo incorporates by reference Paragraphs 1–13, inclusive, set forth as if fully set forth herein.

25. TiVo is the owner of the entire right, title and interest in and to the '465 Patent.

26. On information and belief, Defendant Cisco has infringed and is currently infringing the '465 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the '465 Patent, including without limitation Cisco's set-top boxes with DVR functionality bearing, for example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '465 Patent, and related products, among others.

27. On information and belief, Defendant Cisco, induced and is actively inducing the infringement of the '465 Patent, with knowledge of the '465 Patent and knowledge that it was inducing the infringement of the '465 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon, Time Warner and other customers and end users of Cisco products, to directly infringe the '465 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, of the Cisco set-top boxes with DVR functionality and related products and/or

processes falling within the scope of one or more claims of the '465 Patent, including without limitation Cisco's set-top boxes with DVR functionality bearing, for example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '465 Patent, and related products, among others.

28. On information and belief, Defendant Cisco has contributorily infringed and is currently contributorily infringing the '465 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products or components of products which constitute a material part of the '465 Patent, including without limitation Cisco's set-top boxes with DVR functionality bearing, for example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '465 Patent, and related products, among others, with knowledge of the '465 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '465 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

29. On information and belief, Defendant Cisco has infringed and is currently infringing the '465 Patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '465 Patent including without limitation Cisco's set-top boxes with DVR functionality including at least set-top boxes bearing, for

example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '465 Patent, and related products, among others.

30. On information and belief, Defendant Cisco's infringement of the '465 Patent has been and continues to be willful and deliberate. Cisco, with knowledge of the '465 Patent, engaged in objectively reckless conduct when it continued selling the infringing products in the face of an objectively high risk that it was infringing TiVo's valid United States '465 Patent.

31. As a consequence of Defendant Cisco's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

32. Unless enjoined, Defendant Cisco will continue to infringe the '465 Patent, and TiVo will suffer irreparable injury as a direct and proximate result of Cisco's conduct.

33. TiVo has been damaged by Defendant Cisco's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

**COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 7,493,015**

34. TiVo incorporates by reference Paragraphs 1–13, inclusive, set forth as if fully set forth herein.

35. TiVo is the owner of the entire right, title and interest in and to the '015 Patent.

36. On information and belief, Defendant Cisco has infringed and is currently infringing the '015 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the '465 Patent,

including without limitation Cisco's set-top boxes with DVR functionality bearing, for example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '015 Patent, and related products, among others.

37. On information and belief, Defendant Cisco, induced and is actively inducing the infringement of the '015 Patent, with knowledge of the '015 Patent and knowledge that it was inducing the infringement of the '015 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon, Time Warner and other customers and end users of Cisco products, to directly infringe the '015 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, of the Cisco set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the '015 Patent, including without limitation Cisco's set-top boxes with DVR functionality bearing, for example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '015 Patent, and related products, among others.

38. On information and belief, Defendant Cisco has contributorily infringed and is currently contributorily infringing the '015 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products or components of products which constitute a material part of the '015 Patent, including without limitation Cisco's set-top boxes with DVR functionality bearing, for example,

the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '015 Patent, and related products, among others, with knowledge of the '015 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '015 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

39. On information and belief, Defendant Cisco has infringed and is currently infringing the '015 Patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, products or components of products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '015 Patent including without limitation Cisco's set-top boxes with DVR functionality including at least set-top boxes bearing, for example, the "CHS" and "Explorer" designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the '015 Patent, and related products, among others.

40. On information and belief, Defendant Cisco 's infringement of the '015 Patent has been and continues to be willful and deliberate. Cisco, with knowledge of the '015 Patent, engaged in objectively reckless conduct when it continued selling the infringing products in the face of an objectively high risk that it was infringing TiVo's valid United States '015 Patent.

41. As a consequence of Defendant Cisco's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

42. Unless enjoined, Defendant Cisco will continue to infringe the ‘015 Patent, and TiVo will suffer irreparable injury as a direct and proximate result of Cisco’s conduct.

43. TiVo has been damaged by Defendant Cisco’s conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

**COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,792,195**

44. TiVo incorporates by reference Paragraphs 1–13, inclusive, set forth as if fully set forth herein.

45. TiVo is the owner of the entire right, title and interest in and to the ‘195 Patent.

46. On information and belief, Defendant Cisco has infringed and is currently infringing the ‘195 Patent, in violation of 35 U.S.C. § 271, by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the ‘195 Patent, including without limitation Cisco’s set-top boxes with DVR functionality bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the ‘195 Patent, and related products, among others.

47. On information and belief, Defendant Cisco, induced and is actively inducing the infringement of the ‘195 Patent, with knowledge of the ‘195 Patent and knowledge that it was inducing the infringement of the ‘195 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Verizon, Time Warner and other customers and end users of Cisco products, to directly infringe the ‘195 Patent with respect to the making, using, offering for sale, selling,

and/or importing within this judicial district and elsewhere in the United States, without license or authority, of the Cisco set-top boxes with DVR functionality and related products and/or processes falling within the scope of one or more claims of the ‘195 Patent, including without limitation Cisco’s set-top boxes with DVR functionality bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the ‘195 Patent, and related products, among others.

48. On information and belief, Defendant Cisco has contributorily infringed and is currently contributorily infringing the ‘195 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products which constitute a material part of the ‘195 Patent, including without limitation Cisco’s set-top boxes with DVR functionality bearing, for example, the “CHS” and “Explorer” designation (e.g., CHS 435HDC and Explorer 8300/8300 HD DVR), other DVRs with the same or similar functionality with respect to the ‘195 Patent, and related products, among others, with knowledge of the ‘195 Patent and knowing that such products and/or components are especially made or especially adapted for use in the infringement of the ‘195 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

49. On information and belief, Defendant Cisco’s infringement of the ‘195 Patent has been and continues to be willful and deliberate. Cisco, with knowledge of the ‘195 Patent, engaged in objectively reckless conduct when it continued selling the infringing products in the face of an objectively high risk that it was infringing TiVo’s valid United States ‘195 Patent.

50. As a consequence of Defendant Cisco's infringement, TiVo is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

51. Unless enjoined, Defendant Cisco will continue to infringe the '195 Patent, and TiVo will suffer irreparable injury as a direct and proximate result of Cisco's conduct.

52. TiVo has been damaged by Defendant Cisco's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, TiVo respectfully requests that the Court enter judgment as follows:

A. That Cisco has directly infringed the '389, '465, '015, and '195 Patents.

B. That Cisco has induced the infringement of the '389, '465, '015, and '195 Patents.

C. That Cisco has contributorily infringed the '389, '465, '015, and '195 Patents.

D. That Cisco and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '389, '465, '015, and '195 Patents;

E. That Cisco and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, deliver to TiVo all products that infringe the '389, '465, '015, and '195 for destruction at TiVo's option;

F. That Cisco be ordered to pay compensatory damages to TiVo, together with pre-judgment interest and post-judgment interest as allowed by law;

G. That Cisco be ordered to provide an accounting;

H. That Cisco be ordered to pay supplemental damages to TiVo, including without limitation interest;

I. That the infringement by Cisco be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

J. That the Court enter judgment against Cisco and in favor of TiVo in all respects;

K. That the Court determine this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to TiVo is warranted in this action; and

L. For any such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff TiVo hereby demands a trial by jury on all issues so triable of right by a jury raised in this Complaint.

Date: June 4, 2012

Respectfully submitted,
**McKOOL SMITH, P.C.**

/s/ Samuel F. Baxter
Samuel F. Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Garret Chambers
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

**Attorneys for Plaintiff TiVo Inc.**

Co-Counsel:
**IRELL & MANELLA LLP**

Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
Richard M. Birnholz
rbirnholz@irell.com
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
Tel: (310) 277-1010
Fax: (310) 203-7199