# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISON

| | |
|---|---|
| TiVo Inc.<br>　　　　　Plaintiff,<br><br>vs.<br><br>Cisco Systems, Inc.<br>　　　　　Defendant. | Civil Action No.  2:12-cv-311 |

### CISCO SYSTEMS, INC.'S ANSWER TO COMPLAINT
### FOR PATENT INFRINGEMENT

Defendant Cisco Systems, Inc. ("Cisco"), through counsel, respectfully submits this Answer and Affirmative Defenses, in response to TiVo, Inc.'s ("TiVo") Complaint For Patent Infringement ("Complaint") and further states that anything in the Complaint that is not expressly admitted is hereby denied:

### PARTIES

1.　　Cisco admits that TiVo is a Delaware corporation, having its principal place of business at 2160 Gold Street, Alviso, California 95002-2160.

2.　　Cisco admits that it is a California corporation with its headquarters and principal place of business at 170 West Tasman Drive, San Jose, California 95134-1706.  Cisco admits that it develops, manufactures and supplies equipment, including set-top boxes with digital video recording ("DVR") functionality, to service providers such as Verizon and Time Warner Cable.  Except as expressly admitted herein, Cisco denies the remainder of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Cisco admits that TiVo pleaded that this Court has subject matter jurisdiction over this action. Cisco denies all remaining allegations of paragraph 3 of the Complaint.

4. For the purpose of this action only, Cisco does not contest that this Court has personal jurisdiction over it. Cisco denies all remaining allegations of paragraph 4 of the Complaint.

5. Cisco denies that venue is proper in this district. For the convenience of the parties and witnesses and in the interest of justice, Cisco avers that transfer of this action to the United States District Court for the Northern District of California is warranted pursuant to the "first to file" rule and 28 U.S.C. § 1404(a). Cisco denies all remaining allegations of paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. Cisco is without knowledge or information sufficient to either admit or deny the date when TiVo was founded, and thus denies that allegation. Cisco denies all remaining allegations of paragraph 6 of the Complaint.

7. Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 7 of the Complaint and, therefore, denies those allegations.

8. Except as expressly admitted as follows, Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 8 of the Complaint and, therefore, denies those allegations.

(a) Cisco admits that U.S. Patent No. 6,233,389 (the '389 Patent), attached to the Complaint as Exhibit A, is entitled "Multimedia Time Warping System." Cisco further admits that the '389 Patent, on its face, states that it was issued May 15,

       2001.  Cisco denies that the '389 Patent was duly and legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '389 Patent and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(a) of the Complaint.

(b)    Cisco admits that U.S. Patent No. 7,529,465 (the '465 Patent), attached to the Complaint as Exhibit B, is entitled "System for Time Shifting Multimedia Content Streams."  Cisco further admits that the '465 Patent, on its face, states that it was issued May 5, 2009.  Cisco denies that the '465 Patent was duly and legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '465 Patent and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(b) of the Complaint.

(c)    Cisco admits that U.S. Patent No. 7,493,015 (the '015 Patent), attached to the Complaint as Exhibit C, is entitled "Automatic Playback Overshoot Correction System."  Cisco further admits that the '015 Patent, on its face, states that it was issued February 17, 2009.  Cisco denies that the '015 Patent was duly and legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '015 Patent and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(c) of the Complaint.

(d)    Cisco admits that U.S. Patent No. 6,792,195 (the '195 Patent), attached to the Complaint as Exhibit D, is entitled "Method and Apparatus Implementing

Random Access and Time-Based Functions on a Continuous Stream of Formatted Digital Data." Cisco further admits that the '195 Patent, on its face, states that it was issued September 14, 2004. Cisco denies that the '195 Patent was duly and legally issued. Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '195 Patent and, therefore, denies those allegations. Cisco denies all remaining allegations of paragraph 8(d) of the Complaint.

9. Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Cisco admits that it is a provider of a range of set-top boxes, including models with DVR options. Cisco further admits that it sells its set-top boxes to leading service providers, including but not limited to, Verizon and Time Warner Cable. Except as expressly admitted, Cisco denies the remainder of paragraph 10 of the Complaint.

11. Cisco admits that it has provided set-top boxes with DVR functionality to Time Warner Cable, including the 8300 and 8300HD DVRs. Except as expressly admitted, Cisco denies the remainder of paragraph 11 of the Complaint.

12. Cisco admits that it provides set-top boxes with DVR functionality to Verizon. Cisco admits that Verizon began deploying Cisco's set-top boxes, including those bearing model number CHS 435HDC, in or around October 2010. Except as expressly admitted, Cisco denies the remainder of paragraph 12 of the Complaint.

13. Cisco admits that before TiVo filed this Complaint, Cisco was subpoenaed by TiVo in cases captioned *TiVo Inc. v. AT&T Inc., et al.*, Case No. 2:09-cv-259-DF (E.D. Tex.), and *TiVo Inc. v. Verizon Commc'ns Inc.*, Case No. 2:09-cv-257-DF (E.D. Tex.), and that TiVo

was asserting the '389, '465, and '015 Patents in those cases.  Cisco admits that it had knowledge of the '389, '465, and '015 Patents at least by May 30, 2012, when Cisco filed a declaratory judgment action on these patents in the Northern District of California before TiVo filed the present Complaint.  Cisco further admits that, at least by May 30, 2012, it was aware that TiVo had filed a lawsuit asserting the '389 Patent against EchoStar Communications Corp., et al., in a case captioned *TiVo Inc. v. Echostar Communications Corp., et al.*, Case No. 2:04-CV-1-DF (E.D. Tex.).  Cisco admits that the Echostar case involved a trial in the Eastern District of Texas as well as publicly reported proceedings in the Federal Circuit.  Except as expressly admitted, Cisco denies the remainder of paragraph 13 of the Complaint.

## **COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,233,389**

14. Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

15. Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 15 of the Complaint and, therefore, denies those allegations.

16. Cisco denies the allegations of paragraph 16 of the Complaint.

17. Cisco denies the allegations of paragraph 17 of the Complaint.

18. Cisco denies the allegations of paragraph 18 of the Complaint.

19. Cisco denies the allegations of paragraph 19 of the Complaint.

20. Cisco denies the allegations of paragraph 20 of the Complaint.

21. Cisco denies the allegations of paragraph 21 of the Complaint.

22. Cisco denies the allegations of paragraph 22 of the Complaint.

23. Cisco denies the allegations of paragraph 23 of the Complaint.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,529,465

24.     Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

25.     Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Cisco denies the allegations of paragraph 26 of the Complaint.

27.     Cisco denies the allegations of paragraph 27 of the Complaint.

28.     Cisco denies the allegations of paragraph 28 of the Complaint.

29.     Cisco denies the allegations of paragraph 29 of the Complaint.

30.     Cisco denies the allegations of paragraph 30 of the Complaint.

31.     Cisco denies the allegations of paragraph 31 of the Complaint.

32.     Cisco denies the allegations of paragraph 32 of the Complaint.

33.     Cisco denies the allegations of paragraph 33 of the Complaint.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 7,493,015

34.     Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

35.     Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 35 of the Complaint and, therefore, denies those allegations.

36.     Cisco denies the allegations of paragraph 36 of the Complaint.

37.     Cisco denies the allegations of paragraph 37 of the Complaint.

38.     Cisco denies the allegations of paragraph 38 of the Complaint.

39.     Cisco denies the allegations of paragraph 39 of the Complaint.

40.     Cisco denies the allegations of paragraph 40 of the Complaint.

41. Cisco denies the allegations of paragraph 41 of the Complaint.

42. Cisco denies the allegations of paragraph 42 of the Complaint.

43. Cisco denies the allegations of paragraph 43 of the Complaint.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,792,195

44. Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

45. Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 45 of the Complaint and, therefore, denies those allegations.

46. Cisco denies the allegations of paragraph 46 of the Complaint.

47. Cisco denies the allegations of paragraph 47 of the Complaint.

48. Cisco denies the allegations of paragraph 48 of the Complaint.

49. Cisco denies the allegations of paragraph 49 of the Complaint.

50. Cisco denies the allegations of paragraph 50 of the Complaint.

51. Cisco denies the allegations of paragraph 51 of the Complaint.

52. Cisco denies the allegations of paragraph 52 of the Complaint.

53. Cisco denies the allegations of paragraph 53 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Cisco refers to and incorporates herein its answers as provided in paragraphs 1-53 above. Cisco denies that TiVo is entitled to any of the relief sought in its prayer for relief against Cisco. Cisco has not directly infringed, induced the infringement, or contributorily infringed the '389, '465, '015 and/or '195 Patents. TiVo is not entitled to injunctive relief, compensatory damages, pre-judgment interest, post-judgment interest, an accounting, supplemental damages, enhanced

damages, and/or any other type of recovery or judgment against Cisco. TiVo's prayer should be denied in its entirety and with prejudice, and TiVo should take nothing.

## DEFENSES

Cisco asserts the following defenses and reserves the right to amend its answer as additional information becomes available.

### First Defense
### (Non-Infringement of the TiVo Patents)

54. Cisco does not infringe and has not infringed, either directly or indirectly, any claim of the '389, '465, '015, and '195 Patents, either literally or under the doctrine of equivalents, nor willfully or otherwise.

### Second Defense
### (Invalidity of the TiVo Patents)

55. The claims of the '389, '465, '015, and '195 Patents are invalid because they fail to meet one or more of the conditions for patentability set forth in Title 35, U.S.C. § 101, *et seq.*, including those of sections 101, 102, 103, and 112.

### Third Defense
### (Prosecution History Estoppel)

56. By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '389, '465, '015, and '195 Patents, the '389, '465, '015, and '195 Patents are so limited that none of their claims can be construed as covering any activity or product of Cisco.

### Fourth Defense
### (Unenforceability)

57. The '389, '465, '015, and '195 Patents are unenforceable because of estoppel, laches or other equitable doctrines.

### Fifth Defense
### (Time Limitation on Damages Pursuant to 35 U.S.C. §§ 286)

58. Plaintiff is barred, in whole or in part, by 35 U.S.C. §§ 286 from recovering damages for any alleged infringement of the '389, '465, '015, and '195 Patents.

### Sixth Defense
### (Patent Exhaustion)

59. TiVo's claims for infringement of the '389, '465, '015, and '195 Patents are barred, in whole or in part, by the doctrine of exhaustion.

### Seventh Defense
### (License Defense)

60. TiVo's claims for infringement of the '389, '465, '015, and '195 Patents are barred, in whole or in part, by the doctrine of express or implied license.

### PRAYER FOR RELIEF

WHEREFORE, Cisco respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A. That in light of Cisco's claims against TiVo pending in the U.S. District Court for the Northern District of California, the claims in TiVo's Complaint be transferred to the Northern District of California, the claims in TiVo's Complaint be stayed pending resolution of the action in the Northern District of California, or TiVo's Complaint be dismissed based on the "first to file" rule;

B. That TiVo's Complaint be dismissed with prejudice and that TiVo take nothing;

C. That Judgment be entered in favor of Cisco and against TiVo on Tivo's Complaint;

D. A judgment declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Cisco its reasonable attorneys' fees, expenses, and costs in connection with this case; and

E. A judgment awarding Cisco such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Cisco hereby demands a trial by jury on all claims so triable.

Dated: June 29, 2012                POTTER MINTON, PC


                                    BY:    /s/ *Michael E. Jones*

                                            Michael E. Jones
                                            SBN: 10929400
                                            Allen F. Gardner
                                            SBN: 24043679
                                            POTTER MINTON, PC
                                            110 North College, Suite 500
                                            Tyler, Texas 75702
                                            Tel: 903-597-8311
                                            Fax: 903-593-0846
                                            mikejones@potterminton.com
                                            allengardner@potterminton.com

                                            Otis W. Carroll
                                            SBN: 03895700
                                            IRELAND, CARROLL & KELLEY, P.C.
                                            6101 South Broadway, Suite 500
                                            Tyler, Texas 75703
                                            Tel: 903-561-1600
                                            Fax: 903-581-1071
                                            nancy@icklaw.com

                                            **Of Counsel:**

                                            JARED BOBROW
                                            *jared.bobrow@weil.com*
                                            JOHN BEYNON
                                            *john.beynon@weil.com*
                                            WEIL, GOTSHAL & MANGES LLP
                                            201 Redwood Shores Parkway
                                            Redwood Shores, CA  94065
                                            Telephone: (650) 802-3000
                                            Facsimile: (650) 802-3100

                                            DOUG MCCLELLAN
                                            *doug.mcclellan@weil.com*
                                            MELISSA HOTZE
                                            *melissa.hotze@weil.com*
                                            WEIL, GOTSHAL & MANGES LLP
                                            700 Louisiana, Suite 1600
                                            Houston, TX  77002
                                            Telephone:  (713) 546-5000
                                            Facsimile:  (713) 224-9511

                                            Attorneys for Defendant
                                            CISCO SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on this the 29th day of June 2012.  Local Rule CV-5(a)(3)(A).

*/s/ Michael E. Jones*