UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MOTOROLA MOBILITY, INC. ET AL.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CAUSE NO. 5:11-CV-53-JRG |
| | § | |
| **TIVO, INC., ET AL.** | § | |
| *Defendants.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Counterclaim Defendants Time Warner Cable Inc. and Time Warner Cable LLC's (collectively, "TWC") Motion to Sever and Stay Tivo's Claims Against Time Warner Cable (Dkt. No. 110). The Court, having considered both the parties' briefing and oral arguments, finds that the motion should be GRANTED-IN-PART and DENIED-IN-PART as set forth below.

**I.     Factual and Procedural Background**

Motorola instituted this action against Tivo on February 25, 2011, alleging that Tivo infringed three Motorola patents and also, seeking a declaratory judgment that Motorola did not infringe two Tivo patents. The two Tivo patents at issue in the original complaint are U.S. Patent Nos. 6,233,389 (the "'389 patent") and 7,529,465 (the "'465 patent"). Motorola's declaratory claims related to its set-top digital video recorder ("DVR") boxes having a "QIP" designation (the "QIP boxes").

On July 6, 2011, an order was entered staying this case for six months. On January 3, 2012, the stay was lifted and a new scheduling ordered entered. Under the new scheduling order, the deadline for joining additional parties and amending pleadings was April 30, 2012. On March 26, 2012, Tivo filed its Amended Answer and Amended Counterclaims against Motorola and TWC, alleging infringement of three of its patents: the '389 patent, the '465 patent, and U.S. Patent No. 6,792,195 (the "'195 patent).

The Amended Counterclaims added new claims against Motorola relating to not only Motorola's set-top DVR boxes with the "QIP" designation, but also its DVR boxes with "DCH," "DCT," and "DCX" designations (the "DC boxes"). Tivo's Amended Counterclaims also accused TWC of infringement

1

relating to its distribution of Motorola's DC boxes. On June 29, 2012, Tivo timely served its infringement contentions on Motorola and TWC, enumerating a number of accused boxes including the Motorola DC boxes and also enumerating certain Cisco Systems, Inc. ("Cisco") "HD" series of DVR boxes (the "HD boxes"). Tivo asserts that TWC distributes the QIP, DC and HD boxes.

In a separate but related matter filed with this Court, the Cisco HD boxes are also accused of infringement by Tivo in *Tivo, Inc. v. Cisco Systems, Inc.*, Case No. 2:12-cv-311 (E.D. Tex.) (the "Cisco case"). This separate action was filed by Tivo on June 4, 2012 and is now pending before this Court.

**II.      Legal Standard**

The America Invents Act ("AIA"), which became effective September 16, 2011, provides new guidelines for determining whether the joinder of certain parties is appropriate. *See* 35 U.S.C. § 299. The AIA limits the joinder of multiple defendants in patent cases. *Id.* The pertinent portion of the AIA reads as follows:

> With respect to any civil action arising under any Act of Congress relating to patents … parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if –
>
> > (1) Any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the marking, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> >
> > (2) Questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299. If parties are misjoined in violation of the AIA, Federal Rule of Civil Procedure 21 provides the remedy of severance. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, or just terms, add or drop a party. The court may also sever any claim against a party.")

**III.      Analysis**

TWC seeks to have this Court to sever Tivo's claims against it and stay the same, pending resolution of this case and the Cisco case. TWC argues that Tivo violated the AIA by joining it as a party per its counterclaims filed in this litigation. TWC asserts that Tivo's claims against both itself and

Motorola are not based on the same accused products or processes, as required by the AIA. Essentially, TWC argues that because Tivo alleges Motorola infringes its patents based on its conduct relating to two types of DVR boxes (QIP and DC boxes), but only alleges TWC infringes its patents based on its conduct relating to one type of box (the DC boxes), this action is not based on the same accused products. TWC asserts that Motorola's alleged infringement relating to the QIP boxes is unrelated to TWC's alleged infringement relating to the DC boxes, and thus fails to meet the requirements of the AIA. TWC argues that the AIA requires complete commonality as to the same transaction or as to the accused products or processes, as a prerequisite to properly joining more than a single defendant in a patent infringement suit.

In response, Tivo argues that at least some of its claims against both Motorola and TWC relate to their conduct involving the DC boxes, and Tivo argues that this constitutes the "same accused product" as required by the AIA. The AIA allows for the joinder of two or more parties accused of patent infringement only if "any right to relief is asserted against the parties jointly, severally, or in the alternative…" 35 U.S.C. § 299. Tivo argues and TWC disputes that the presence of the word "any" indicates that so long as joinder is appropriate as to one or more claims, that misjoinder will not result, even if (as in this case) there are also one or more independent infringement claims against only one of the defendants. *Omega Patents, LLC v. Skypatrol, LLC*, 2012 WL 2339320, at *2 (S.D. Fla. June 29, 2012). This Court agrees with Tivo that complete commonality of all claims in not required as long as at least one claim overlaps among all of the defendants.

Here, because Tivo alleges that both Motorola and TWC infringe its patents based on their conduct relating to the DC boxes, the same right to relief (being "any right to relief" as required by the AIA) is asserted against both counterclaim defendants. The additional independent claims against Motorola only relating to the QIP boxes do not destroy the appropriate joinder of TWC. Accordingly, the joinder of TWC, as to the claims relating to its conduct regarding the DC boxes, is proper in this case under the AIA.

As to Tivo's claims of TWC's alleged infringement relating to Cisco HD boxes, the Court finds that such addition to this litigation may not constitute an unpermitted joinder; however, the inclusion of

3

these claims in the present case is clearly inefficient and frustrates traditional notions of judicial economy. This Court is not unmindful of the fact that Tivo separately elected to sue Cisco in this Court on June 4, 2012, alleging infringement of the HD boxes asserted in this case, as well as a number of other Cisco HD boxes. The Court finds that a limited restructuring of these separate actions would restore both efficiency and judicial economy to both of these cases. Accordingly, this Court finds that all Cisco-related issues as to its DVR boxes should be adjudicated in one action (the Cisco case) while all Motorola-related issues as to its DVR boxes should be adjudicated in this action. This will, in the Court's view, streamline and clarify each action and will posture each case in a manner that will promote efficiency, fairness, and judicial economy, while at the same time, avoid prejudice to Tivo. Accordingly, the Court, acting herein to manage its own docket under Federal Rule of Civil Procedure 21, SEVERS the Cisco-related claims against TWC from this action and CONSOLIDATES them into the Cisco case.

Finally, TWC argues that Tivo's claims against it should be stayed pending the resolution of this action. This Court finds there is no practical reason for a stay. By severing the Cisco claims against TWC from this action and adding them to the Cisco case, there is no reason that TWC should not remain a party and defend itself, along with Motorola, in this action, while also becoming a defendant and defending itself, along with Cisco, in this Cisco case. The Court recently entered an Amended Docket Control Order (Dkt. No. 115) to address TWC's concerns with its addition to this suit. The parties are directed to continue to meet all deadlines provided by such amended schedule. Accordingly, the Court DENIES TWC's request for a stay.

### IV.   Conclusion

The Court holds that Tivo's claims against TWC involving the Motorola DC boxes are properly joined in this action and do not violate the express provisions of the AIA. However, as explained above, the Court SEVERS Tivo's claims against TWC involving the Cisco HD boxes and CONSOLIDATES the same into *Tivo, Inc. v. Cisco Systems, Inc.*, Case No. 2:12-cv-311 (E.D. Tex.). The Court's intended result is to leave this case structured as to Tivo's counterclaims with Motorola and TWC as defendants but only as to the accused Motorola boxes, while restructuring the Cisco case so that Tivo pursues its

claims as plaintiff against both Cisco and TWC as defendants but only as to the accused Cisco boxes. Such is hereby ORDERED. Further, the Court finds no merit in granting TWC's request for a stay of Tivo's claims against it, and the same is hereby DENIED.

**So ORDERED and SIGNED this 18th day of July, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE