UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC.<br>*Plaintiff,* | §<br>§<br>§ | |
| V. | § | CAUSE NO. 2:12-CV-311-JRG |
| | § | |
| CISCO SYSTEMS, INC.<br>*Defendant.* | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cisco Systems, Inc.'s Motion to Transfer (Dkt. No. 11). Having considered the same and for the reasons discussed below, the Court hereby **DENIES** the Motion to Transfer.

The above-numbered action is closely related to two other cases pending before this Court. A brief recitation of the procedural history of these three related cases is instructive and is as follows: On August 26, 2009, Tivo Inc. ("Tivo") sued Verizon Communications, Inc. ("Verizon") in this Court, alleging infringement of U.S. Patent Nos. 6,233,389 (the "'389 patent"), 7,529,465 (the "'465 patent"), and 7,493,015 (the "'015 patent") (herein referred to as the "Tivo I case"). On February 25, 2011, Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") filed a declaratory judgment action against Tivo in this Court, seeking a declaration that it did not infringe the '389 or '465 patents (herein referred to as the "Motorola case"). In the Motorola case, Tivo filed counterclaims against both Motorola and third-party Time Warner Cable, Inc. and Time Warner Cable, LLC (collectively, "TWC"), alleging infringement of the '389 and '465 patents, along with U.S. Patent No. 6,792,195 (the "'195 patent"). Further, Tivo's infringement contentions in the Motorola case revealed accused

products distributed by Motorola and Cisco Systems, Inc. ("Cisco"). The same accused Cisco products at issue in the Motorola case are also at issue in the instant suit. On May 20, 2012 Cisco filed a declaratory judgment action against Tivo in the Northern District of California ("NDCA") (herein referred to as the "Cisco case"). Tivo filed a motion in the NDCA to transfer Cisco's declaratory action to this District so its disposition may be coordinated with these related cases. On June 4, 2012, Tivo again sued Cisco in this Court, alleging infringement of the '389, '465, '015, and '195 patents (herein referred to as the "Tivo II case"). On July 9, 2012, Cisco filed the instant Motion to Transfer in the Tivo II case, urging this Court to stay, dismiss, or transfer in favor of the first-filed action, the Cisco case, to the NDCA.

On August 10, 2012, the Hon. Richard Seeborg of the NDCA granted Tivo's motion to transfer the Cisco case to this Court. *Cisco Systems, Inc. v. Tivo, Inc.,* 3:12-cv-2766 (N.D. Cal. August 10, 2012). In his opinion, Judge Seeborg recognized that the interests of justice favored transfer to the Eastern District of Texas ("EDTX"). *Id.* Judge Seeborg acknowledged that this Court is entertaining the "weight of the litigation" concerning Tivo's DVR patents and will soon have invested "significant resources" in claim construction and trial proceedings in Tivo's related cases. *Id.* Further, he held that transfer to this Court will eliminate risks of duplicative proceedings and inconsistent judicial decisions. *Id.*

This Court agrees with Judge Seeborg that, for purposes of efficiency judicial economy, the entire dispute between Cisco and Tivo is best tried in the same court, along with the other closely related cases involving these same parties and patents. Tivo, Verizon, Motorola, Time Warner Cable, and Cisco are all parties to the above proceedings in this District involving the same patents in dispute. Accordingly, the EDTX is in a unique position to completely adjudicate the overlapping disputes among all parties involved. Further, this Court can avoid duplicative

actions, depositions, and discovery, and will be able to coordinate common schedules appropriately to address streamlined disputes shared in all of these related cases.  This Court already has intimate knowledge of the parties, products, and patents and has now structured the parties among the three actions pending in the EDTX in a manner the Court views as most appropriate, economic, and efficient.  While this Court has already taken numerous actions relating to the Cisco products at issue, the NDCA has taken none; a fact not lost on Judge Seeborg.  The denial of transfer of the Tivo II case will minimize the risk of inconsistent judgments and conserve judicial resources.  Further, failing to deny transfer would run counter to the coordinated approach put into action by Judge Seeborg's order.  The Supreme Court instructs trial courts that the existence of multiple lawsuits involving the same issues is a <u>paramount consideration</u> when determining whether a transfer is in the interest of justice and that permitting a situation in which two cases involving the same issues are simultaneously pending in different District Courts leads to the very wastefulness of time, energy, and money that 28 U.S.C. § 1404(a) was designed to prevent.  *Continental Grain Co. v. The FBL-585,* 364 U.S. 19 (1996).  The Federal Circuit has broadened the Supreme Court's pronouncement in *Continental Grain* to apply where there are some differences in the retained cases, stating that, even if trying two related cases before the same court may not involve the exact same defendants and accused products, it is not an error to conclude that maintaining the two cases before the same court supports notions of judicial economy.  *In re Vistaprint, Ltd.,* 628 F.3d 1342, 1344 (Fed. Cir. 2010).  Going further, the Federal Circuit has held that mandamus is inappropriate when two cases may not involve precisely the same issues, but there will be significant overlap and a familiarity with the patents that could preserve time and resources.  *In re Volkswagen of America, Inc.,* 566 F.3d 1349, 1351 (Fed. Cir. 2009).

Regarding the other transfer factors, both Tivo and Cisco maintain a significant presence in Texas and both have voluntarily chosen to litigate claims in this Court in the past. Further, the parties fail to precisely specify the source and location of both witnesses and documents, other than Cisco's indication that at least some of both will travel from California and Georgia. The parties' briefing includes little or no indication from Tivo of where its witnesses and documents are situated. Clearly, by adjudicating each of the three related cases in this Court, any witness may only need to travel for depositions to Texas once, instead of traveling to both Texas and California. Consequently, any travel-related inconvenience to a witnesses (party or non-party) may be lessened by maintain the Tivo II case with this Court.

Having considered all of the private and public interest factors pursuant to 28 U.S.C. § 1404(a), Defendant has failed to show that the Northern District of California is "clearly more convenient" than the Eastern District of Texas. The significant economy of trying all these overlapping cases (especially in light of the Cisco case having been transferred to this District from the NDCA) in one forum unquestionably achieves judicial economy. This result gives voice to the underlying spirit of § 1404(a) and, is the solution compelled by common sense.

Accordingly, Defendant's Motion to Transfer is hereby **DENIED**.

**So ORDERED and SIGNED this 13th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE