**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TiVo Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:12-cv-00311-JRG** |
| **v.** | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **CISCO SYSTEMS, INC., TIME** | ) | |
| **WARNER CABLE INC., and TIME** | ) | |
| **WARNER CABLE LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT CISCO SYSTEMS, INC.'S FIRST
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Cisco Systems, Inc. ("Cisco"), through counsel, respectfully submits this First Amended Answer, Affirmative Defenses and Counterclaims, in response to TiVo, Inc.'s ("TiVo") Complaint for Patent Infringement ("Complaint") and further states that anything in the Complaint that is not expressly admitted is hereby denied:

**PARTIES**

1.    Cisco admits that TiVo is a Delaware corporation, having its principal place of business at 2160 Gold Street, Alviso, California  95002-2160.

2.    Cisco admits that it is a California corporation with its headquarters and principal place of business at 170 West Tasman Drive, San Jose, California  95134-1706.  Cisco admits that it develops, manufactures and supplies equipment, including set-top boxes with digital video recording ("DVR") functionality, to service providers such as Verizon and Time Warner Cable. Except as expressly admitted herein, Cisco denies the remainder of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Cisco admits that TiVo pleaded that this Court has subject matter jurisdiction over this action.  Cisco denies all remaining allegations of paragraph 3 of the Complaint.

4.      For the purpose of this action only, Cisco does not contest that this Court has personal jurisdiction over it.  Cisco denies all remaining allegations of paragraph 4 of the Complaint.

5.      Cisco denies that venue is proper in this district.  Cisco denies all remaining allegations of paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6.      Cisco is without knowledge or information sufficient to either admit or deny the date when TiVo was founded, and thus denies that allegation.  Cisco denies all remaining allegations of paragraph 6 of the Complaint.

7.      Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 7 of the Complaint and, therefore, denies those allegations.

8.      Except as expressly admitted as follows, Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 8 of the Complaint and, therefore, denies those allegations.

(a)      Cisco admits that U.S. Patent No. 6,233,389 (the '389 Patent), attached to the Complaint as Exhibit A, is entitled "Multimedia Time Warping System."  Cisco further admits that the '389 Patent, on its face, states that it was issued May 15, 2001.  Cisco denies that the '389 Patent was duly and legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '389 Patent

and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(a) of the Complaint.

(b)      Cisco admits that U.S. Patent No. 7,529,465 (the '465 Patent), attached to the Complaint as Exhibit B, is entitled "System for Time Shifting Multimedia Content Streams."  Cisco further admits that the '465 Patent, on its face, states that it was issued May 5, 2009.  Cisco denies that the '465 Patent was duly and legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '465 Patent and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(b) of the Complaint.

(c)      Cisco admits that U.S. Patent No. 7,493,015 (the '015 Patent), attached to the Complaint as Exhibit C, is entitled "Automatic Playback Overshoot Correction System."  Cisco further admits that the '015 Patent, on its face, states that it was issued February 17, 2009.  Cisco denies that the '015 Patent was duly and legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '015 Patent and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(c) of the Complaint.

(d)      Cisco admits that U.S. Patent No. 6,792,195 (the '195 Patent), attached to the Complaint as Exhibit D, is entitled "Method and Apparatus Implementing Random Access and Time-Based Functions on a Continuous Stream of Formatted Digital Data."  Cisco further admits that the '195 Patent, on its face, states that it was issued September 14, 2004.  Cisco denies that the '195 Patent was duly and

legally issued.  Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TiVo's purported rights and interests in the '195 Patent and, therefore, denies those allegations.  Cisco denies all remaining allegations of paragraph 8(d) of the Complaint.

9.      Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 9 of the Complaint and, therefore, denies those allegations.

10.     Cisco admits that it is a provider of a range of set-top boxes, including models with DVR options.  Cisco further admits that it sells its set-top boxes to leading service providers, including but not limited to, Verizon and Time Warner Cable.  Except as expressly admitted, Cisco denies the remainder of paragraph 10 of the Complaint.

11.     Cisco admits that it has provided set-top boxes with DVR functionality to Time Warner Cable, including the 8300 and 8300HD DVRs.  Except as expressly admitted, Cisco denies the remainder of paragraph 11 of the Complaint.

12.     Cisco admits that it provides set-top boxes with DVR functionality to Verizon. Cisco admits that Verizon began deploying Cisco's set-top boxes, including those bearing model number CHS 435HDC, in or around October 2010.  Except as expressly admitted, Cisco denies the remainder of paragraph 12 of the Complaint.

13.     Cisco admits that before TiVo filed this Complaint, Cisco was subpoenaed by TiVo in cases captioned *TiVo Inc. v. AT&T Inc., et al*., Case No. 2:09-cv-259-DF (E.D. Tex.), and *TiVo Inc. v. Verizon Commc'ns Inc*., Case No. 2:09-cv-257-DF (E.D. Tex.), and that TiVo was asserting the '389, '465, and '015 Patents in those cases.  Cisco admits that it had knowledge of the '389, '465, and '015 Patents at least by May 30, 2012, when Cisco filed a declaratory judgment action on these patents in the Northern District of California before TiVo filed the

present Complaint.  Cisco further admits that, at least by May 30, 2012, it was aware that TiVo had filed a lawsuit asserting the '389 Patent against EchoStar Communications Corp., et al., in a case captioned *TiVo Inc. v. Echostar Communications Corp., et al.*, Case No. 2:04-CV-1-DF (E.D. Tex.).  Cisco admits that the Echostar case involved a trial in the Eastern District of Texas as well as publicly reported proceedings in the Federal Circuit.  Except as expressly admitted, Cisco denies the remainder of paragraph 13 of the Complaint.

### COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,233,389

14.     Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

15.     Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 15 of the Complaint and, therefore, denies those allegations.

16.     Cisco denies the allegations of paragraph 16 of the Complaint.

17.     Cisco denies the allegations of paragraph 17 of the Complaint.

18.     Cisco denies the allegations of paragraph 18 of the Complaint.

19.     Cisco denies the allegations of paragraph 19 of the Complaint.

20.     Cisco denies the allegations of paragraph 20 of the Complaint.

21.     Cisco denies the allegations of paragraph 21 of the Complaint.

22.     Cisco denies the allegations of paragraph 22 of the Complaint.

23.     Cisco denies the allegations of paragraph 23 of the Complaint.

### COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 7,529,465

24.     Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

25.     Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Cisco denies the allegations of paragraph 26 of the Complaint.

27.     Cisco denies the allegations of paragraph 27 of the Complaint.

28.     Cisco denies the allegations of paragraph 28 of the Complaint.

29.     Cisco denies the allegations of paragraph 29 of the Complaint.

30.     Cisco denies the allegations of paragraph 30 of the Complaint.

31.     Cisco denies the allegations of paragraph 31 of the Complaint.

32.     Cisco denies the allegations of paragraph 32 of the Complaint.

33.     Cisco denies the allegations of paragraph 33 of the Complaint.

### COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 7,493,015

34.     Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

35.     Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 35 of the Complaint and, therefore, denies those allegations.

36.     Cisco denies the allegations of paragraph 36 of the Complaint.

37.     Cisco denies the allegations of paragraph 37 of the Complaint.

38.     Cisco denies the allegations of paragraph 38 of the Complaint.

39.     Cisco denies the allegations of paragraph 39 of the Complaint.

40.     Cisco denies the allegations of paragraph 40 of the Complaint.

41.     Cisco denies the allegations of paragraph 41 of the Complaint.

42.     Cisco denies the allegations of paragraph 42 of the Complaint.

43.     Cisco denies the allegations of paragraph 43 of the Complaint.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,792,195

44.     Cisco incorporates by reference and realleges paragraphs 1 through 13 of this Answer as if fully set forth here.

45.     Cisco is without knowledge or information sufficient to either admit or deny the allegations of paragraph 45 of the Complaint and, therefore, denies those allegations.

46.     Cisco denies the allegations of paragraph 46 of the Complaint.

47.     Cisco denies the allegations of paragraph 47 of the Complaint.

48.     Cisco denies the allegations of paragraph 48 of the Complaint.

49.     Cisco denies the allegations of paragraph 49 of the Complaint.

50.     Cisco denies the allegations of paragraph 50 of the Complaint.

51.     Cisco denies the allegations of paragraph 51 of the Complaint.

52.     Cisco denies the allegations of paragraph 52 of the Complaint.

53.     Cisco denies the allegations of paragraph 53 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Cisco refers to and incorporates herein its answers as provided in paragraphs 1-53 above. Cisco denies that TiVo is entitled to any of the relief sought in its prayer for relief against Cisco. Cisco has not directly infringed, induced the infringement, or contributorily infringed the '389, '465, '015 and/or '195 Patents.  TiVo is not entitled to injunctive relief, compensatory damages, pre-judgment interest, post-judgment interest, an accounting, supplemental damages, enhanced damages, and/or any other type of recovery or judgment against Cisco.  TiVo's prayer should be denied in its entirety and with prejudice, and TiVo should take nothing.

## DEFENSES

Cisco asserts the following defenses and reserves the right to amend its answer as additional information becomes available.

### First Defense

### (Non-Infringement of the TiVo Patents)

54.     Cisco does not infringe and has not infringed, either directly or indirectly, any claim of the '389, '465, '015, and '195 Patents, either literally or under the doctrine of equivalents, nor willfully or otherwise.

### Second Defense

### (Invalidity of the TiVo Patents)

55.     The claims of the '389, '465, '015, and '195 Patents are invalid because they fail to meet one or more of the conditions for patentability set forth in Title 35, U.S.C. § 101, *et seq.*, including those of sections 101, 102, 103, and 112.

### Third Defense

### (Prosecution History Estoppel)

56.     By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '389, '465, '015, and '195 Patents, the '389, '465, '015, and '195 Patents are so limited that none of their claims can be construed as covering any activity or product of Cisco.

### Fourth Defense

### (Unenforceability)

57.     The '389, '465, '015, and '195 Patents are unenforceable because of estoppel, laches or other equitable doctrines.

## Fifth Defense

### (Time Limitation on Damages Pursuant to 35 U.S.C. §§ 286)

58.     Plaintiff is barred, in whole or in part, by 35 U.S.C. §§ 286 from recovering

damages for any alleged infringement of the '389, '465, '015, and '195 Patents.

## Sixth Defense

### (Patent Exhaustion)

59.     TiVo's claims for infringement of the '389, '465, '015, and '195 Patents are

barred, in whole or in part, by the doctrine of exhaustion.

## Seventh Defense

### (License Defense)

60.     TiVo's claims for infringement of the '389, '465, '015, and '195 Patents are

barred, in whole or in part, by the doctrine of express or implied license.

## Eighth Defense

### (Reverse Doctrine of Equivalents)

61.     TiVo's claims for infringement of the '389, '465, '015, and '195 Patents are

precluded by operation of the reverse doctrine of equivalents.

## COUNTERCLAIMS

Cisco alleges as follows:

62.     Cisco incorporates by reference its responses to the Complaint in paragraphs 1-61

as though fully set forth herein.

## Jurisdiction and Venue

63.     The Court has personal jurisdiction over TiVo for these Counterclaims because

TiVo has submitted to the jurisdiction of this Court by filing its Complaint and conducts business

in this district, among other reasons.

64.     These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 *et seq.*, and the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.* including 35 U.S.C. § 271.

65.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, including because TiVo has accused Cisco of infringing the ᾽389, ᾽465, ᾽015, and ᾽195 Patents and this is a civil action arising out of the Patent Laws of the United States of America.

66.     Venue in this judicial district is proper over these Counterclaims pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)–(c).

## The Parties

67.     Cisco is a California corporation with its headquarters and principal place of business at 170 West Tasman Drive, San Jose, California  95134-1706.

68.     TiVo is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Alviso, California.

## Factual Background

69.     In its Complaint, TiVo alleges that it is the owner of the ᾽389, ᾽465, ᾽015, and ᾽195 Patents.

70.     In its Complaint, TiVo has expressly charged Cisco with infringement, infringement by inducement and contributory infringement of the ᾽389, ᾽465, ᾽015, and ᾽195 Patents.  Cisco has denied these allegations.

71.     As a result of TiVo's actions and statements, including the filing of its Complaint, an actual and justiciable controversy has arisen between TiVo and Cisco with regard to the validity, infringement, and enforceability of the ᾽389, ᾽465, ᾽015, and ᾽195 Patents.

72.     A judicial declaration and determination is necessary and appropriate at this time given TiVo's allegations and in order that Cisco may ascertain its rights and duties with respect to the '389, '465, '015, and '195 Patents.

**Count 1:**
**Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,233,389**

73.     Cisco incorporates by reference the allegations set out in paragraphs 62-72 of the Counterclaims as though fully set forth herein.

74.     By these Counterclaims, Cisco seeks a judicial declaration and determination that Cisco has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '389 Patent, and is not liable for infringement of the '389 Patent.

75.     By this Counterclaim, Cisco seeks a judicial declaration and determination that one or more claims of the '389 Patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

**Count 2:**
**Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,529,465**

76.     Cisco incorporates by reference the allegations set out in paragraphs 62-75 of the Counterclaims as though fully set forth herein.

77.     By this Counterclaim, Cisco seeks a judicial declaration and determination that Cisco has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '465 Patent, and is not liable for infringement of the '465 Patent.

78.     By this Counterclaim, Cisco seeks a judicial declaration and determination that one or more claims of the '465 Patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

**Count 3:**
**Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,493,015**

79.     Cisco incorporates by reference the allegations set out in paragraphs 62-78 of the Counterclaims as though fully set forth herein.

80.     By this Counterclaim, Cisco seeks a judicial declaration and determination that Cisco has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '015 Patent, and is not liable for infringement of the '015 Patent.

81.     By this Counterclaim, Cisco seeks a judicial declaration and determination that one or more claims of the '015 Patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

**Count 4:**
**Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,792,195**

82.     Cisco incorporates by reference the allegations set out in paragraphs 62-81 of the Counterclaims as though fully set forth herein.

83.     By this Counterclaim, Cisco seeks a judicial declaration and determination that Cisco has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid claim of the '195 Patent, and is not liable for infringement of the '195 Patent.

84.     By this Counterclaim, Cisco seeks a judicial declaration and determination that one or more claims of the '195 Patent are invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code.

## Count 5:
## Infringement of U.S. Patent No. 7,505,592 B2

85.     Cisco incorporates by reference the allegations set out in paragraphs 62-84 of the Counterclaims as though fully set forth herein.

86.     Cisco is the owner of the entire right, title and interest in and to U.S. Patent No. 7,505,592 B2 ("the '592 Patent"), entitled "Apparatus for Entitling and Transmitting Service Instances to Remote Client Devices," which was duly issued on March 17, 2009.  A copy of the '592 Patent is attached as Exhibit A hereto.

87.     On information and belief, TiVo has infringed and is currently infringing the '592 Patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '592 Patent.  Such products include at least, for example, TiVo Series2 DVRs (including TiVo Series2 DT DVRs), Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs), TiVo Mini, and TiVo Stream.

88.     On information and belief, TiVo induced and is actively inducing the infringement of the '592 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or

authority, products and/or processes falling within the scope of one or more claims of the '592 Patent.  Such products include at least, for example, TiVo Series2 DVRs (including TiVo Series2 DT DVRs), Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs), TiVo Mini, and TiVo Stream.

89.     On information and belief, TiVo has contributorily infringed and is currently contributorily infringing the '592 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products that constitute a material part of the '592 Patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '592 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

90.     On information and belief, TiVo has infringed and is currently infringing the '592 Patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '592 Patent.  Such products include at least, for example, TiVo Series2 DVRs (including TiVo Series2 DT DVRs), Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs), TiVo Mini, and TiVo Stream.

91.     On information and belief, TiVo's infringement of the '592 Patent has been and continues to be willful and deliberate.

**Count 6:**
**Infringement of U.S. Patent No. 7,409,140 B2**

92.     Cisco incorporates by reference the allegations set out in paragraphs 62-91 of the Counterclaims as though fully set forth herein.

93.     Cisco is the owner of the entire right, title and interest in and to U.S. Patent No. 7,409,140 B2 ("the '140 Patent"), entitled "Channel Buffering and Display Management System for Multi-Tuner Set-Top Box," which was duly issued on August 5, 2008.  A copy of the '140 Patent is attached as Exhibit B hereto.

94.     On information and belief, TiVo has infringed and is currently infringing the '140 Patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '140 Patent.  Such products include at least, for example, TiVo Series2 DT DVRs, Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs), and TiVo Mini.

95.     On information and belief, TiVo induced and is actively inducing the infringement of the '140 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '140 Patent.  Such products include at least, for example, TiVo Series2 DT DVRs, Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), Series4 DVRs (including

TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs), and TiVo Mini.

96.     On information and belief, TiVo has contributorily infringed and is currently contributorily infringing the '140 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and /or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products that constitute a material part of the '140 Patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '140 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

97.     On information and belief, TiVo has infringed and is currently infringing the '140 Patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '140 Patent.  Such products include at least, for example, TiVo Series2 DT DVRs, Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs), and TiVo Mini.

98.     On information and belief, TiVo's infringement of the '140 Patent has been and continues to be willful and deliberate.

**Count 7:**
**Infringement of U.S. Patent No. 7,512,315 B2**

99.     Cisco incorporates by reference the allegations set out in paragraphs 62-98 of the Counterclaims as though fully set forth herein.

100.    Cisco is the owner of the entire right, title and interest in and to U.S. Patent No. 7,512,315 B2 ("the '315 Patent"), entitled "Managing Time Shift Buffers," which was duly issued on March 31, 2009.  A copy of the '315 Patent is attached as Exhibit C hereto.

101.    On information and belief, TiVo has infringed and is currently infringing the '315 Patent, in violation of 35 U.S.C. § 271, by, among other things, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '315 Patent.  Such products include at least, for example, TiVo Series2 DT DVRs, Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), and Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs).

102.    On information and belief, TiVo induced and is actively inducing the infringement of the '315 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell, and/or import within this judicial district and elsewhere in the United States, without license or authority, products and/or processes falling within the scope of one or more claims of the '315 Patent.  Such products include at least, for example, TiVo Series2 DT DVRs, Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), and Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs).

103.    On information and belief, TiVo has contributorily infringed and is currently contributorily infringing the '315 Patent, in violation of 35 U.S.C. § 271(c), by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, products or components of products that constitute a material part of the '315 Patent, knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '315 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.

104.    On information and belief, TiVo has infringed and is currently infringing the '315 Patent, in violation of 35 U.S.C. § 271(f), by, among other things, supplying or causing to be supplied in or from the United States, without license or authority, components or products that are combined and/or used outside the United States in a manner that falls within the scope of one or more claims of the '315 Patent.  Such products include at least, for example, TiVo Series2 DT DVRs, Series3 DVRs (including TiVo 160, TiVo 320, TiVo HD, and TiVo HD XL DVRs), and Series4 DVRs (including TiVo Premiere, TiVo Premiere XL, TiVo Premiere 4, and TiVo Premiere XL4 DVRs).

105.    On information and belief, TiVo's infringement of the '315 Patent has been and continues to be willful and deliberate.

### PRAYER FOR RELIEF

WHEREFORE, Cisco respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A.      That TiVo's Complaint be dismissed with prejudice and that TiVo take nothing;

B.      That Judgment be entered in favor of Cisco and against TiVo on Tivo's Complaint;

C.      That Judgment be entered that the '389, '465, '015 and '195 Patents are invalid and unenforceable;

D.      That Judgment be entered that the '592, '140 and '315 Patents are valid and enforceable;

E.      That Judgment be entered that TiVo has directly infringed the '592, '140 and '315 Patents;

F.      That Judgment be entered that TiVo has induced the infringement of the '592, '140 and '315 Patents;

G.      That Judgment be entered that TiVo has contributorily infringed the '592, '140 and '315 Patents;

H.      That Judgment be entered against TiVo and in favor of Cisco in all respects;

I.      That TiVo be ordered to pay compensatory damages to Cisco, together with interest;

J.      That TiVo be ordered to provide an accounting;

K.      That TiVo be ordered to pay supplemental damage to Cisco, including without limitation interest;

L.      That the infringement by TiVo be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

M.      That the Court determine this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees and costs to Cisco is warranted in this action; and

N.      For any such other and further relief as the Court deems just and equitable.

Dated:  April 23, 2013

Respectfully submitted by,
*/s/    Doug   McClellan,   with   permission   by Michael E. Jones*
Michael E. Jones
SBN: 10929400
Allen F. Gardner
SBN: 24043679
POTTER MINTON, PC
110 North College
Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
allengardner@potterminton.com

Otis W. Carroll
SBN: 03895700
Ireland, Carroll & Kelley, PC
6101 South Broadway, Suite 500
Tyler, Texas 75703
Tel:  903-561-1600
Fax: 903-581-1071
nancy@icklaw.com

Jared Bobrow
jared.bobrow@weil.com
Arjun Mehra
arjun.mehra@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3100

Doug McClellan
doug.mclellan@weil.com
Melissa Hotze
melissa.hotze@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Tel: 713-546-5000
Fax: 713-224-9511

*Attorneys for Defendant Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this the 23d day of April, 2013.  Local Rule CV-5(a)(3)(A).

*/s/ Michael E. Jones*
Michael E. Jones