# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-CV-311 JRG |
| | ) | (and consolidated Case No. 2:12-CV-434-JRG) |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., TIME WARNER | ) | |
| CABLE INC., and TIME WARNER CABLE | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF TIVO INC.'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS ADDING CLAIMS ON ADDITIONAL CISCO PATENTS

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS ......................................................................................3

   A.   The Verizon Case.........................................................................................3

   B.   The Motorola Case........................................................................................3

   C.   The Present Action........................................................................................4

   D.   Cisco Laid in Wait Regarding Disclosure of Its Affirmative
        Infringement Claims .....................................................................................5

III. ARGUMENT ..........................................................................................................6

   A.   Cisco Cannot Explain Its Nine Month Delay in Seeking to Amend....................7

   B.   Cisco Has Failed to Establish the Alleged Importance of the
        Amendments ...............................................................................................10

   C.   TiVo Will Be Prejudiced if the Court Allows the Proposed
        Amendments ...............................................................................................11

   D.   A Continuance to Alleviate This Prejudice Would Unnecessarily Delay
        Trial............................................................................................................13

   E.   Amendment Is Not Proper Even Under the More Liberal Rule 15(a)
        Standard ......................................................................................................14

IV.  CONCLUSION......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Conklin v. Novartis Pharms. Corp.*,
    No. 9:11CV–178-RC, 2012 WL 4127295 (E. D. Tex. Sept. 18, 2012) .................... 10

*Fahim v. Marriot Hotel Servs., Inc.*,
    551 F.3d 344 (5th Cir. 2008) .............................................................................. 7, 9

*Forman v. Davis*,
    371 U.S. 178 (1962) ................................................................................................ 14

*Hemingway v. Vessel Star Savannah*,
    200 F.R.D. 572 (E.D. Tex. 2001) ..................................................................... 14, 15

*Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*,
    381 F.3d 1111 (Fed. Cir. 2004) .............................................................................. 7

*Little v. Liquid Air Corp.*,
    952 F.2d 841 (5th Cir. 1992) ............................................................................ 14, 15

*Microsoft Corp. v. TiVo Inc.*,
    No. 5:10-cv-00240-LHK (N.D. Cal.) .................................................................... 9

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. Cal. 1990) ...................................................................... 11

*Motorola Mobility, Inc. v. TiVo Inc.*,
    No. 5:11-cv-53-JRG (E.D. Tex.) ........................................................................... 2

*Payne v. McHugh*,
    No. 5:07–CV–162–DF, 2010 WL 2038963 (E.D. Tex. May 20, 2010) ..................... 7

*Pressure Prods. Med. Supplies v. Greatbatch Ltd.*,
    599 F.3d 1308 (Fed. Cir. 2010) ............................................................................ 15

*S&W Enters. v. Southtrust Bank of Ala., N.A.*,
    315 F.3d 533 (5th Cir. 2003) ................................................................................ 13

*Southmark Corp. v. Schulte Roth & Zabel*,
    88 F.3d 311 (5th Cir. 1996) .............................................................................. 14, 15

*TiVo Inc. v. Verizon Commc'ns Inc.*,
    No. 2:09-cv-257-JRG (E.D. Tex.) .......................................................................... 3

*Xyratex Technology, Ltd. v. Teradyne, Inc.*,
    2009 U.S. Dist. LEXIS 127028 (C.D. Cal. Apr. 10, 2009) ...................................... 13

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 15 ................................................................................................... 12

Fed. R. Civ. P. 16 ..................................................................................................... 6

Patent Local Rule 4-1 ............................................................................................. 13

Patent Local Rule 4-4 ............................................................................................. 13

## I.      INTRODUCTION

Almost a year into this litigation and just three weeks before the *Markman* process is scheduled to begin, Cisco seeks to dramatically expand the scope of this litigation by introducing three of its own patents into this case.  Cisco's proposed amendment to include claims against TiVo on three new patents would needlessly add complexity to this action, introducing a whole new set of substantive issues.  Adding such claims would require extensive additional discovery, patent disclosures and expert analysis and make the existing case schedule unworkable.  Cisco has an obvious, less disruptive alternative:  file its claims in a separate action.

Cisco's delay in asserting these patents weighs heavily against its request to add them in the current case.  Cisco has delayed raising these patents *for years*.  The three Cisco patents are not newly issued patents; they issued in 2008 and 2009.  There was nothing to stop Cisco from asserting them against TiVo during the more than four years from issuance if Cisco had a legitimate claim.  Moreover, even if Cisco wished to use these patents for strategic and tactical advantage as part of the current dispute with TiVo over TiVo's patents—a goal of dubious legitimacy—Cisco has waited far too long to do so.  Cisco knew that TiVo was asserting infringement claims against Cisco DVRs since August 2010, when TiVo subpoenaed Cisco and attempted to join the Cisco DVR to TiVo's case against Verizon.  Yet Cisco failed to raise the patents until a few weeks ago.

Given the many years that Cisco had notice that TiVo was asserting that Cisco DVRs infringed TiVo's patents, Cisco could have asserted its own patents long ago.  Cisco could have done so when it first sued TiVo in the Northern District of California in the preemptive case eventually transferred to this Court; or could have asserted the patents as counterclaims to TiVo's complaint when it filed its original answer in the current action; or could have amended as of right within twenty-one days after filing its answer; or could have moved to amend at any

reasonable point thereafter.  Instead, Cisco waited for years after learning about TiVo's claim of infringement and for more than nine months after it filed its answer before suddenly raising these patents.  Indeed, Cisco neglected to give TiVo any notice of Cisco's patents until just *six days* before Cisco filed this motion—maximizing the prejudice to TiVo.

Allowing Cisco's proposed amendment would disrupt the schedule set by the Court and unduly prejudice TiVo – which appears to be the intent of Cisco's motion.  The claim construction process is set to begin on May 15, just days from now, and to conclude with a hearing on July 31.  There is no way to add three totally new Cisco patents to the claim construction process.  This is particularly true as TiVo will be in trial in *Motorola Mobility, Inc. v. TiVo Inc.*, No. 5:11-cv-53-JRG (E.D. Tex.) (the "Motorola case")  before this Court during the  claim construction process.  Moreover, the date for substantial completion of document production is just over one month away from now, on June 19, 2013.  Further, important dates which key off the claim construction proceedings—such as the October 2013 dates for filing briefs on dispositive motions and disclosure of expert witnesses and reports—are not able to accommodate a brand new set of Cisco patents.  Given that TiVo has only begun to study and analyze the three patents that Cisco raised six days before filing this motion, the prejudice to TiVo of cramming these patents into the current case would be severe.

If Cisco really has legitimate claims against TiVo, it can assert them in a separate lawsuit.  That is the practical solution that avoids disruption of the Court's schedule.  Moreover, such a solution would not prejudice Cisco at all, as it would still be able to assert these claims, but not interfere with a pre-existing case in doing so.  TiVo respectfully requests that the Court deny Cisco's motion to amend and bring three new patents into the current lawsuit.

## II.     STATEMENT OF FACTS

Cisco has delayed asserting its patents, which issued in 2008 and 2009, for more than

four years.  Moreover, Cisco has known for several years that its products were the subject of

TiVo's infringement claims long before the present lawsuit started.

    **A.**    **The Verizon Case**

       TiVo filed suit against a Cisco customer, Verizon, in August 2009.  *TiVo Inc. v. Verizon*

*Commns. Inc.*, No. 2:09-cv-257-JRG (E.D. Tex.) ("Verizon case").  In May 2010, Verizon

identified a Cisco DVR as a product to be deployed in Verizon's network.  Verizon case, Dkt.

No. 195 at 3.  On August 26, 2010, TiVo issued a subpoena to Cisco to obtain information

related to the infringing Cisco DVR products.  Ex. 1.  After receiving discovery on the Cisco

DVRs, TiVo "diligently attempted to join the Cisco product to the suit" and the Court granted

TiVo's request to add infringement contentions against the Cisco product.  Verizon case, Dkt.

No. 297 at 3.  On July 8, 2012, the Court rescinded the Order after determining that the present

case was a better avenue for addressing Verizon's sale of Cisco boxes.  *See* Verizon case, Dkt.

No. 339 at 3.  TiVo's lawsuit against Verizon later settled on the eve of trial.

    **B.**    **The Motorola Case**

       Also pending before this Court is the Motorola case, an active case in which TiVo has

asserted patent claims against Motorola and Time Warner Cable with respect to Motorola (rather

than Cisco) DVRs.  On February 25, 2011, after TiVo sued Verizon (one of Motorola's DVR

customers), Motorola filed a separate action seeking, among other things, a declaratory judgment

of non-infringement regarding TiVo's '389 and '465 patents.  Motorola case, Dkt. No. 1

(Complaint).  On March 26, 2012, before the deadline to amend pleadings and add parties

without leave, TiVo filed amended counterclaims naming Time Warner Cable, a cable television

service provider which deploys to its customers DVRs supplied by Motorola as well as Cisco.

Motorola case, Dkt. No. 73 (TiVo's Answer and Amended Counterclaims).  On June 20, 2012,

Time Warner Cable moved to sever and stay TiVo's claims against it.  Motorola case, Dkt. No.

110.  On July 18, 2012, the Court granted-in-part Time Warner Cable's motion and severed "the Cisco-related claims against TWC" and consolidated them into the present action.  Motorola case, Dkt. No. 129 at 4.  The Motorola case is set to begin trial before this Court on June 10, 2013.  *See* Motorola case, Dkt. Nos. 437, 463.

### C.   The Present Action

On May 20, 2012, Cisco filed a declaratory judgment suit against TiVo in the Northern District of California seeking a judgment of non-infringement and invalidity of TiVo's patents. *See* Dkt. No. 27 at 2 (describing procedural history).  Cisco's declaratory action involved only the TiVo patents.  Cisco did not assert any affirmative infringement claims on its own patents.

Given this Court's extensive experience with the issues relating to the TiVo patents, and the pending proceedings involving Motorola DVRs on the same TiVo patents, TiVo wished to ensure that claims relating to the TiVo patents involving Cisco DVRs would be litigated before this Court and not in a separate proceeding in California.  Accordingly, on June 4, 2012, TiVo filed this infringement action against Cisco asserting the same TiVo patents for which Cisco had sought declaratory relief.  Dkt. No. 1.  Cisco filed and served its answer on June 29, 2012.  Dkt. No. 15.  In its answer, Cisco did not plead any counterclaims or assert any claims against TiVo. *Id.*  Cisco certainly did not assert any of its own patents against TiVo.  *Id.*

On August 10, 2012, the Northern District of California District Court transferred Cisco's declaratory relief lawsuit to this District.  *See* Dkt. No. 27 at 2.  On December 13, 2012, this Court consolidated the transferred action into TiVo's lawsuit against Cisco.  Dkt. No. 58.

On October 22, 2012, this Court issued its Scheduling Order.  Dkt. No. 56.  In the order, the Court set May 15, 2013 as the deadline to "File Amended Pleadings"—but only pleadings that did not seek to assert additional patents.  *Id.* at 7.  Indeed, the Court's order explicitly stated that the May 15 deadline to file as of right did not apply to claims like those at issue here to add

new patents:

> It is not necessary to seek leave of Court to amend pleadings prior to this deadline *unless the amendment seeks to assert additional patents.*

*Id.* (emphasis added).  On April 1 2013, the Court issued an Amended Docket Control Order. Dkt No. 67.  The Amended Order maintained the May 15, 2013 deadline for filing amended pleadings that did not add new patent claims.  *Id.* at 3.  It also maintained the language that this provision did not apply when "the amendment seeks to assert additional patents."  *Id.*

As Cisco appears to concede (Mot. at 9), Cisco's last opportunity to amend its answer as of right to add new patents was twenty-one days after service of its original answer on June 29, 2012.  Fed. R. Civ. Proc. 15(a)(1)(A).  The Court's Scheduling Order did not change the default deadline set by the Federal Rules for adding claims asserting additional patents.  *See* Dkt. No. 56. That deadline came and went and Cisco failed to take any action for almost nine months.

### D.     Cisco Laid in Wait Regarding Disclosing Any Affirmative Patent Claims

For the nearly nine months after the period to amend its answer as a matter of right to assert additional patents, Cisco remained silent:  Cisco did not assert patents when it filed its own case in California, nor when it answered to complaint filed by TiVo in this case, nor at any time until now.  Indeed, just over a month ago, on March 27, 2013, TiVo filed an unopposed motion to amend the Docket Control Order due to scheduling conflicts with pretrial and trial settings in the Motorola case.  During the meet and confer process for that motion, despite the discussions of scheduling issues, Cisco never mentioned that it intended to amend its answer to add three new patents to this case.  *See* Dkt. No. 67 (Amended Docket Control Order).  This meet and confer, in which Cisco was silent on this issue, led to the current Amended Docket Control Order which did not change the relevant dates for amendment.

It was not until April 17, 2013 that Cisco for the first time approached TiVo about asserting the three Cisco patents in this case.  Ex. 2.  Despite its delays in raising the issue, and

the significance of the request, Cisco demanded an immediate meet and confer so that it could

file its motion.  *See* Ex. 3.  On April 22, 2013, just six days after TiVo first learned of the Cisco

patents, the parties met and conferred on Cisco's proposed amendments, and TiVo informed

Cisco of TiVo's objections.  The next day, Cisco filed this motion for leave to add its patents.[1]

## III.   CISCO CANNOT SHOW GOOD CAUSE TO ADD INFRINGEMENT CLAIMS ON ITS OWN PATENTS

Cisco attempts to argue that it can show "good cause" for disrupting this case by adding

infringement claims for its own patents, but Cisco has not made, and cannot make, the required

showing.  Under Rule 15(a)(1)(A), Cisco had twenty-one days after serving its answer on June

29, 2012 to amend that pleading as of right, and add affirmative infringement claims if it wished

to do so.  The Court's Docket Control Order did not extend this deadline, expressly requiring a

party to seek leave of the Court before it could add additional patents.  Dkt. No. 67.  Moreover,

Cisco's motion would necessarily require changing the current schedule.  As such, Cisco's

motion to add patents is subject to the "good cause" standard of Rule 16(b).  See Fed. R. Civ. P.

16(b)(4) ) (a "schedule may be modified only for good cause and with the judge's consent.").

Cisco, however, has failed to demonstrate good cause to add three new patents to this case at this

late date.  If Cisco is really serious about asserting these patent claims—and not merely

disrupting this case as it appears—Cisco should file these claims in a separate action.

In the Fifth Circuit, courts consider four factors in evaluating good cause:  "(1) the

explanation for the failure to [timely move for leave to amend]; (2) the importance of the

[amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a

continuance to cure such prejudice."  *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315

---

[1] Cisco included in its motion an improper request for expedited briefing.  Under the Local Rules, any such request must be filed as a separate motion.

F.3d 533, 536 (5th Cir. 2003) (affirming denial of motion to amend).[2]  "Only upon the movant's

demonstration of good cause ... will the more liberal standard of Rule 15(a) apply to the district

court's decision to grant or deny leave."  *Id.* at 536.  "The good cause standard requires the party

seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the

party needing the extension."  *Id.* at 535 (internal quotation omitted); *see also Payne v. McHugh*,

No. 5:07–CV–162–DF, 2010 WL 2038963, at *2 (E.D. Tex. May 20, 2010) ("Plaintiff must

show that despite diligence he could not have reasonably met the [] deadline for amending

pleadings.").  None of the "good cause" factors favors allowing Cisco's amendment here.

### A.    Cisco Cannot Explain Its Long Delay in Seeking to Amend

The first factor considers Cisco's explanation for its failure to timely move for leave to

amend.  *S&W Enters., L.L.C.*, 315 F.3d at 536.  The failure of the party seeking amendment to

offer an explanation "weigh[s] heavily against" the movant.  *Fahim v. Marriot Hotel Servs., Inc.*,

551 F.3d 344, 348 (5th Cir. 2008) (affirming the district court's finding that the first factor

weighed heavily against the movant "because she offered no explanation for her failure to timely

move for leave" to amend).  Cisco never explains why it did not seek to add claims sooner.  That

failure weighs heavily against its current attempt to interfere with the case schedule.

The patents that Cisco seeks to add to the current lawsuit issued between August 2008

and March of 2009—more than *four years* before Cisco first raised these patents with TiVo just

a months ago.  Dkt. No. 69 ([Proposed] Amended Answer at ¶¶ 86, 93, 100).  Cisco's delay of

four years before raising these patents demonstrates that there is no rush to add them to the

current case, particularly where doing so would disrupt the current schedule and the orderly

presentation of evidence.  Cisco's many-year delay shows that Cisco has no legitimate "good

---

[2] Regional circuit law, rather than Federal Circuit law, governs the standards relating to motions to amend.  *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1124 (Fed. Cir. 2004).

cause" to add them now.

Even if Cisco strategically wished to use the three patents as ammunition in connection with TiVo's legitimate assertion of its patent rights against Cisco, Cisco still has no excuse for waiting so long to do so. Cisco was aware of TiVo's infringement allegations regarding Cisco DVRs over *two-and-a-half years ago* when TiVo sought discovery on Cisco DVRs in the Verizon case. Ex. 1. Cisco was aware of TiVo's specific allegations of infringement regarding the Cisco DVRs distributed by Time Warner Cable over *a year* ago. Motorola case, Dkt. No. 73 (TiVo's Answer and Amended Counterclaims). Despite years of advance notice, Cisco chose not to assert its own patents when it filed declaratory judgment claims against TiVo in the Northern District of California or when it answered TiVo's corresponding claims in this case. *See* Dkt. Nos. 15, 27. Nor did Cisco choose to amend as of right within the twenty-one days after filing its original answer under Rule 15(a). Instead, Cisco delayed for an additional nine months.

Attempting to justify its delay, Cisco argues that certain of the proposed TiVo accused products were only recently released. Mot. at 9-10. This excuse does not work, as the overwhelming majority of the TiVo products that Cisco wishes to accuse have been on the market for years. TiVo introduced the first Series 2 product in 2002, the first Series 3 product in 2006, the first Series 4 product in April 2010, and the first Premier Elite product in October 2011. Exs. 4-7. Thus, with the exception of TiVo Premiere 4, TiVo Mini, and TiVo Stream, all of the accused products have been publicly available for years.

In addition, the information that Cisco relies on for its purported infringement analysis is publicly available. In its motion, Cisco relies exclusively on such public documents to support its infringement claims. *See* Mot. at 3-8. Cisco expressly admits that its "analysis at this point is based on publicly available information … including TiVo's website." Mot. at 5, n. 9; *see also* Dkt. 68, Exs. I, F, G. Cisco therefore lacks the excuse that complicated fact gathering of

- 8 -

confidential information delayed its analysis.  While Cisco argues that it was taking its time to make a "thorough pre-filing investigation" (Mot. at 10) this is a generic statement that provides no specific information.  Cisco has not pointed out any example of what occupied its time during this pre-filing investigation, or why it could possibly justify suddenly asserting these claims years after they issued and after TiVo had raised its own claims of infringement.

If Cisco believed it had important claims to assert against TiVo, nothing prevented Cisco from asserting these proposed infringement claims at the time Cisco sued TiVo in the Northern District of California, when Cisco answered TiVo's complaint in this case, during the time period before the time to amend prescribed under Rule 15 had elapsed, or during the nine-month period thereafter.  Cisco, however, chose to delay and wait until only weeks before the parties must begin the *Markman* process, complete Claim Construction Discovery and substantially complete document production.  *See* Dkt. No. 67 at 3 (Scheduling Order).  Cisco's lack of diligence weighs heavily against allowing amendment.  *See Fahim*, 551 F.3d at 348; *Payne*, 2010 WL 2038963, at *2 (denying motion to amend where plaintiff was "on notice" but delayed moving to amend for five months).  This is particularly true because Cisco will suffer no legitimate prejudice if its motion is denied; it would simply have to file the claims (if it really wishes to do so) in a separate lawsuit.[3]

### B.       Cisco Has Failed to Establish the Alleged Importance of the Amendments

The second factor considers the importance of the proposed amendment.  *S&W Enters.,*

---

[3] Cisco's attempted reliance on TiVo's motion to amend in *Microsoft Corp. v. TiVo Inc.*, No. 5:10-cv-00240-LHK (N.D. Cal.) is misplaced.  There, TiVo had filed its motion to amend within the deadline prescribed by the scheduling order, which (unlike the Court's order here) did not contain a carve-out for amendments to assert additional patents. Ex. 8 at 6; Ex. 9 at 2.  Also, "Microsoft [did] not oppose TiVo's proposed amendment." *Id.* at 2-3.  In addition, in *Microsoft*, TiVo informed the Court that TiVo expected to file reexamination requests for all of Microsoft's patents as well as a motion to stay the case pending the results of the reexaminations, mitigating any issue of disruption of the trial schedule.  *See* Ex. 10 at 7.

*L.L.C.*, 315 F.3d at 536.  Cisco's own delay demonstrates that the proposed amendments are not sufficiently important to require adjudication in this case.  *See Conklin v. Novartis Pharms. Corp.*, No. 9:11CV–178–RC, 2012 WL 4127295, at *5-6 (E.D. Tex. Sept. 18, 2012) (delay in seeking amendment undermines any alleged importance of the proposed amendments).  Cisco hopes to add affirmative infringement claims on its own patents as a trial tactic to confuse the jury, not because such claims are necessary for the proper adjudication of TiVo's infringement claims.

Cisco claims that adjudication of its patents in this case is important because Cisco disputes the inventorship of the "multi-room DVR" technology.  Mot. at 11-12.  This is a validity question that relates to TiVo's patents and has nothing to do with the alleged infringement of Cisco's patents.  Cisco will be able to raise the prior art it wishes to raise, consistent with the rules, whether it belongs to Cisco or not; that does not justify adding new patents and new infringement claims to the case.  In any event, Cisco admits being aware of TiVo's arguments that TiVo invented the "multi-room DVR" technology in TiVo's other litigations; thus, Cisco was aware of the issue years ago.  *Id.* at 11.  Finally, Cisco's argument on this point is particularly weak as it relates to only one of the three patents that Cisco wishes to assert and only one of four patents TiVo is asserting.

Cisco's assertion that TiVo's opposition "boils down to TiVo's desire to avoid defending against Cisco's own infringement claims" (Mot. at 14) is nonsense.  Denial of Cisco's motion based on a lack of good cause does not bar Cisco's alleged infringement claims against TiVo.  *See, e.g., Xyratex Technology, Ltd. v. Teradyne, Inc.*, 2009 U.S. Dist. LEXIS 127028, at *23 (C.D. Cal. Apr. 10, 2009) (denial of motion to amend to add new patents in counterclaims under more liberal Rule 15(a) standard stating denial of leave "causes no prejudice to [patentee], for [it] can simply bring [its] new infringement allegations against [accused infringer] in a separate

action.").  If the infringement claims are as important as Cisco alleges (an assertion belied by

Cisco's substantial delay in asserting those claims), Cisco can raise them in a separate action, in

which TiVo would not have to defend against new infringement claims on shortened notice or

prepare for claim construction on three new patents just three weeks from now.

### C. TiVo Will Be Prejudiced if the Court Allows the Proposed Amendments

The third factor considers the potential prejudice in allowing the proposed amendments.

*S&W Enters., L.L.C.*, 315 F.3d at 536.  Courts have considered it to be prejudicial to the

opposing party where, for example, a party "would be required to conduct additional discovery"

in response to a new claim.  *Id*. at 536-37.  The need to consider new legal argument is another

source of prejudice.  *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079

(9th Cir. 1990) ("The new claims set forth in the amended complaint would have greatly altered

the nature of the litigation …."); *see also Xyratex,* 2009 U.S. Dist. LEXIS 127028, at *19-20

("[T]he addition of Teradyne's two proposed counterclaims for infringement of the Teradyne

Patents would greatly alter the nature of the litigation and require Xyratex to undertake an

entirely new course of defense." (internal quotations omitted)).

The simple truth is that Cisco informed TiVo of these patents just six days before Cisco

filed its motion.  TiVo has only begun to analyze these three patents.  There is no question that, if

Cisco were allowed to inject three new patents into this case, an entire new round of discovery,

patent disclosures, expert analysis and related litigation activity would be required.  Cisco's new

claims would materially complicate this already complex case.  Complex new issues will be

added, such as validity of the three new patents, prior art otherwise not at issue, and new

infringement analyses of TiVo products.  If Cisco's untimely counterclaims are allowed, Cisco

will likely seek technical and financial documents and witnesses that pertain specifically to

Cisco's new patents, and TiVo will also need to take discovery regarding these patents.

The claim construction schedule in the current case does not accommodate brand-new patent claims by Cisco.  The parties are scheduled to commence the *Markman* process within the next few days by exchanging claim terms on May 15 and preliminary constructions on May 22.  Dkt. 67 at 3.  Claim construction briefing is set for June and July, with a *Markman* hearing on July 31, 2013.  *Id.* at 2.  Under the current schedule, therefore, claim construction will be under way before the Court even addresses Cisco's motion to amend.  Moreover, to properly evaluate Cisco's patents and develop defenses, TiVo will need to conduct considerable additional patent analysis.  Under the Patent Local Rules in this District, the accused infringer is allowed substantial time to conduct such analysis *before* the claim construction process begins.  While Cisco offers "to serve its infringement contentions concerning the Cisco DVR Patents within one week of the Court's ruling on this motion" (Mot. at 3), briefing on this motion will not even be complete until nearly the end of May—after the exchange of claim terms.  Even if Cisco provided its contentions today, TiVo's invalidity contentions are not due for forty-five days after service—the end of June.  P.R. 3-3.  There is no time for claim construction on Cisco's patents.

In addition, trial in the *Motorola* case is scheduled to begin on June 10, 2013 and is expected to proceed for approximately one week.  TiVo will be occupied with pretrial preparations and trial in that case.  It should not be distracted by having to address additional patents in this case on an expedited basis because of Cisco's lack of diligence.

Claim construction is not the only part of the schedule that would be disrupted if Cisco were permitted to add untimely new patent claims.  The deadline to substantially complete document production is June 19, 2013.  Dkt. 67 at 3.  An entire new set of patent claims by Cisco would make that date unachievable – particularly in light of the *Motorola* trial in which TiVo would be participating in mid-June.  Because claim construction on the Cisco patents could not be completed by July as required by the current schedule, the follow-on deadlines such as

disclosure of opinions of counsel (August 21, 2013), the deadline to file letter briefs regarding dispositive motions (October 14, 2013) and the expert witness disclosures (October 28, 2013) would not be able to hold either.  Injection of new patent claims by Cisco would unnecessarily derail the Court's current schedule.

Cisco claims to have "no reason to believe that the case schedule will have to be adjusted."  Mot. at 13.  That may be true from Cisco's point of view; it has had years to develop its infringement positions—from TiVo's perspective, it will be punished for Cisco's delay.

**D.     A Continuance to Alleviate This Prejudice Would Unnecessarily Delay Trial and Would Itself Be Prejudicial to TiVo**

The fourth factor considers whether a continuance is available to cure the prejudice to the opposing party.  *S&W Enters., L.L.C.*, 315 F.3d at 536.  Where, as here, "a continuance would unnecessarily delay trial," this factor weighs against Cisco.  *Id.* at 537; *see also Xyratex,* 2009 U.S. Dist. LEXIS 127028, at *22 ("[G]ranting Teradyne's proposed amendment and either forcing Xyratex to adhere to the current case schedule or delaying the litigation to give Xyratex sufficient time to address the new issues and discovery requirements would unfairly penalize Xyratex for Teradyne's failure to earlier file its complex counterclaims.").  Even if Cisco provided its infringement contentions today, TiVo's invalidity contentions would not be due until late June.  P.R. 3-3.  Under the Patent Local Rule 4-1, the *Markman* process begins with the exchange of claims terms ten days thereafter—here, early July.  The parties do not conclude *Markman* preparation for months thereafter (ninety days for the close of claim construction discovery under P.R. 4-4) and several additional weeks for briefing.  To allow TiVo sufficient time to prepare for claim construction a delay of many months would thus be necessary.

In addition, TiVo's patents have been the subject of claim construction on several occasions already.  There may be limited *Markman* issues for the Court to address with respect to the TiVo patents.  Cisco's patents, on the other hand have never been considered by the Court,

or by any other Court of which TiVo is aware.  This is likely to raise a host of new issues and greatly complicate the *Markman* process.  As noted, delay of the claim construction process and the associated *Markaman* order would in turn delay fact and expert discovery and, ultimately, the trial date.  Cisco ignores this prejudice to TiVo.[4]

### E.     Amendment Is Not Proper Even Under the More Liberal Rule 15(a) Standard

Even if Cisco had established good cause—which it has not—"[l]eave to amend, however, is by no means automatic" under Rule 15(a).  *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992).  Rule 15(a)(2) states that amended pleadings should be allowed "when justice so requires."  "[T]he decision to grant or deny leave to amend lies within the sound discretion of the district court."  *Little*, 952 F.2d at 846.  In determining whether to grant leave under Rule 15(a), the district court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Id.* (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Cisco's delay militates against allowance of the amendment even under the Rule 15(a) standard.  "Liberty in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time."  *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 315-16 (5th Cir. 1996) (quotation omitted); *see also Xyratex,* 2009 U.S. Dist. LEXIS 127028, at *19. "Although delay alone may be insufficient to deny leave to amend, undue delay on the part of the movant is sufficient to deny."  *Hemingway v. Vessel Star Savannah*, 200 F.R.D. 572, 575 (E.D.

---

[4] Cisco briefly asserts in a footnote that it intends to amend its answer to include four declaratory judgment claims and that such claims provide another basis to allow amendment. Mot. at 1, n.1.  While declaratory relief claims on TiVo's patents do not provide a basis to add claims on different patent families, Cisco ignores that it already has declaratory judgment claims of infringement and invalidity in this case by virtue of its consolidated complaint originally filed in the Northern District of California.  *See* Dkt. No. 58 (consolidating actions).

Tex. 2001) (denying motion to amend under Rule 15(a)).  In determining undue delay, "a district court may properly consider … (1) an 'unexplained delay' following an original [answer] and (2) whether the facts underlying the amended [answer] were known to the party when the original [answer] was filed."  *Southmark*, 88 F.3d at 315-16 (affirming denial of leave to amend under Rule 15(a) based on undue delay) (emphasis added); *Hemingway*, 200 F.R.D. at 575 (same).  In *Pressure Prods. Med. Supplies v. Greatbatch Ltd.*, 599 F.3d 1308 (Fed. Cir. 2010) (Rader, J.), the Federal Circuit, applying Fifth Circuit law, affirmed the district court's denial of a motion to amend under Rule 15(a) based on undue delay and prejudice, because "nothing prevented [the movant] from conducting discovery … shortly following [the] date" it learned of the facts that would support its proposed claim and yet the movant waited approximately ten months to seek leave.  *Id.* at 1320; *see also Xyratex,* 2009 U.S. Dist. LEXIS 127028, at *22 (seven month delay improper when facts known to patentee).  Similarly here, Cisco has simply and without explanation failed to timely assert the three patents against TiVo.

Moreover, the prejudice to TiVo discussed above is relevant to the Rule 15(a) analysis. *Little*, 952 F.2d at 845-46.  There is no reason that Cisco should be allowed to add these claims at this late date, rather than filing them in a separate lawsuit.

## IV.  CONCLUSION

Cisco has delayed for years in asserting its three patents against TiVo, and the only real reason it wishes to insert them into the current lawsuit is to derail the schedule and complicate the issues for the jury.  There is nothing to prevent Cisco from filing its purported claims in another lawsuit rather than trying to disrupt this one.  For the foregoing reasons, TiVo respectfully requests that Defendant Cisco's Motion to Amend be denied.

Dated:  May 13, 2013

Respectfully submitted,

*/s/ Joseph M. Lipner*
Joseph M. Lipner

Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Garret W. Chambers
Texas State Bar No. 00792160
gchambers@mckoolsmith.com
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4016
Facsimile:    (214) 978-4044

IRELL & MANELLA LLP
Morgan Chu
mchu@irell.com
Andrei Iancu
aiancu@irell.com
Joseph M. Lipner (*Pro Hac Vice*)
jlipner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:    (310) 203-7199
Attorneys for TiVo Inc.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 13th day of May, 2012.

*/s/ Thomas C. Werner*
Thomas C. Werner